# UNITED STATES DISTRICT COURT

for the
Western District of Texas
Austin Division

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  1:22-cr-142-LY-1 |
| Paul Luna | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

On Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g), the pretrial services report, and the evidence and arguments of counsel presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

 X  By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

 X  Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
 X  Prior criminal history
 X  Participation in criminal activity while on probation, parole, or supervision
 X  History of violence or use of weapons
☐ History of alcohol or substance abuse
 X  Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
 X  Prior attempts to evade law enforcement

☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
X̲ Prior violations of probation, parole, or supervised release

## Other Reasons or Further Explanation:

My decision is based on the identified factors and the recommendation of Pretrial Services. Particularly persuasive are the nature and circumstances of the offenses charged, the weight of the evidence against Mr. Luna, the nature and seriousness of the danger to the community that would be posed by Mr. Luna's release, and the fact that he was on parole supervision for convictions on two state charges of unlawful possession of a firearm by a felon at the time of his current alleged federal offense. Mr. Luna has a lengthy and violent criminal history, and evidence was presented at the detention hearing that he habitually carries a firearm despite his felony convictions. Considering all information available, the government has established by clear and convincing evidence that release of Mr. Luna would pose a serious danger to the community, and that no condition or combination of conditions of release would reasonably assure the safety of the community.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:   July 21, 2022

Susan Hightower
United States Magistrate Judge